**In the Matter of Eugene Ray CRAVATT, a child under eighteen (18) years of age, to wit: 16 years.**

**No. O–75–408.**

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1975.

Terry Malloy, Asst. Dist. Atty., Tulsa County, for respondent.

Art Fleak, Asst. Public Defender, Tulsa County, for petitioner.

OPINION

BLISS, Judge:

Eugene Ray Cravatt, hereinafter referred to as petitioner, while being of the age of sixteen (16) years, was found to be a delinquent child within the meaning of 10 O.S.1971, § 1101(a), in the Tulsa County Juvenile Court, Case No. JFJ–684, where on the 18th day of March, 1975, the petitioner entered a plea of guilty to a sniffing offense and the matter was passed to April 14, 1975, for disposition. On April 14, 1975, the matter came before the court while at the same time Mr. John Smith, petitioner's probation counselor, filed a motion alleging the petitioner to be a delinquent child because the petitioner allegedly broke into a filling station and took various tools and six quarts of oil on

March 20, 1975. At the close of the proceedings on that day, Referee Helen Kannady rejected the counselor's recommendation for probation and ordered that the petitioner be placed in custody with the Department of Institutions, Social and Rehabilitative Services. Thereafter, on the 17th day of April, 1975, a hearing was had before Judge Jennings pursuant to 10 O.S. 1971, § 1126, wherein Judge Jennings confirmed the Referee's findings and sentenced the child to confinement with the Department of Institutions, Social and Rehabilitative Services for an indeterminate period of time. On the 22nd day of April, 1975, petitioner made application for appeal bond with said application being denied. A motion for a new trial was filed on May 1, 1975, whereafter petitioner filed in this Court a petition for writ of certiorari which was subsequently dismissed on May 15, 1975, with instruction to petitioner to perfect his appeal as a regular appeal under the Rules of this Court. Thus, petitioner has perfected a timely appeal to this Court.

Petitioner's first assignment of error asserts the conduct of the Referee during the hearing on April 14, 1975, violated statutory provisions of 10 O.S.1971, § 1126,[1] and such violations amount to a deprivation of due process.

The Referee's specific conduct of which the petitioner complains occurred near the close of the hearing on April 14, 1975, at which time, prior to the Referee's making any findings and conclusions, the Referee recessed the hearing and conferred with Judge Jennings. After the conference with Judge Jennings, the Referee reconvened the hearing and at that time made the findings of fact and conclusions of law wherein the Referee rejected the probation counselor's recommendation of probation and ordered that the petitioner be placed in custody of the Department of Public Welfare as a delinquent child. The petitioner urges that such conduct violates the provision in the statute as the case was not actually "heard in the first instance" by the Referee, but was in fact heard "second hand" by the supervising judge. Therefore, any request for a new hearing before the judge would put the judge in the position of being both the trial and appellate courts, a position completely contrary to our system of jurisprudence. The petitioner further urges that the proceedings also violate the concepts of "procedural due process" and "fundamental fairness" as the sentencing judge was unable to perceive all the salient factors which go into the process of sentencing because the factors were received "second hand."

We simply cannot agree. The statute, 10 O.S.1971, § 1126, simply provides authority for a judge of a particular sized county to appoint suitable individuals to aid in the disposition of the heavy case load which plagues such counties. A remedy is statutorily provided if a petitioner is aggrieved by the notice of the findings and

---

1. Title 10 O.S.1971, § 1126, reads as follows:
"(a) The judge or judges who are assigned to hear juvenile cases in counties having a population in excess of one hundred thousand (100,000) may appoint a suitable person or persons to act as referee or referees, to hold office during the pleasure of the judge. Such referees shall be lawyers and shall be specially qualified for their duties. The judge may direct that any case, or all cases of a class or within a county to be designated by him, shall be heard in the first instance by a referee in the manner provided for the hearing of cases by the court. Upon the conclusion of the hearing in each case, the referee shall transmit to the court all papers relating to the case, together with his findings of fact and conclusions of law, and recommendations in writing. "(b) Notice of the referee's findings and recommendations shall be given to the parent, guardian or custodian of the child or to any other person concerned whose case has been heard by the referee. A hearing by the court shall be allowed upon the filing with the court of a request for such hearing, if the request is filed within three (3) days after the service of such notice. In case no hearing by the court is requested, the findings and recommendations of the referee, when confirmed by an order of the court, shall become the decree of the court."

recommendations of the Referee as a new hearing by the court shall be allowed upon the filing, with the court, of a request for such a hearing if the request is filed within three (3) days after the service of such notice. Certainly the findings of fact and the recommendations of the Referee are not binding upon the court. This remedy is the proper procedure for the petitioner to formally object to the Referee's findings and recommendations. Furthermore, if the petitioner feels the trial court judge is prejudiced he certainly may preserve his objection by filing a motion to disqualify. We cannot in any way find the conduct of the Referee in the instant case violated the statutory provisions, nor any concepts of procedural due process. The Referee was simply acting within statutory contemplation of assisting the trial court judge in disposition of cases before the court. In these circumstances, and in the absence of any authority supportive of the defendant's first assignment of error, we find the assignment to be without merit.

 The petitioner's second assignment of error asserts that the trial court erred in failing to grant probation and in committing the child to a state institution. We need only note that the recommendations of the probation counselor are not binding upon the court and we further note that the disposition of petitioner in the instant case was consistent and permissible with the provisions of 10 O.S.1971, § 1116.[2]

 The petitioner's final assignment of error asserts that the sentencing court erred in refusing to consider petitioner's application for appeal bond. We feel that the granting of an appeal bond would contravene the provisions of the statute which grants the right to appeal in these cases. Title 10 O.S.1971, § 1123,[3] provides that

---

2. Title 10 O.S.1971, § 1116, reads as follows:
"(a) The following kinds of orders of disposition may be made in respect to wards of the court:
"(1) The court may place the child on probation or under supervision in his own home, or in the custody of a suitable person elsewhere, upon such conditions as the court shall determine. The court may require the parent or other person to give security by bond, with surety or sureties approved by the court, for compliance with such order.
"If it is consistent with the welfare of the child, the child shall be placed with his parent or legal guardian, but if it appears to the court that the conduct of such parent or guardian has contributed to such delinquency, or need of supervision, or dependency or neglect, the court may issue a written order specifying conduct to be followed by such parent or guardian with respect to such child. The conduct specified shall be such as would reasonably prevent the child from becoming in need of supervision, or becoming dependent or neglected, as defined by this Act. Such order shall remain in effect for a period of not more than one (1) year to be specified by the court, and the order may be extended or renewed by the court.
"(2) The court may commit the child to the custody of a private institution or agency, including any institution established and operated by the county, authorized to care for children or to place them in family homes. In committing a child to a private institution

or agency the court shall, whenever practicable, select one that is licensed by the Department (or other State Department supervising or licensing private institutions and agencies); or if such institution or agency is in another state, by the analogous department of that state. Whenever the court shall commit a child to any institution or agency, it shall transmit with the order of commitment a summary of its information concerning the child, and such institution or agency shall give to the court such information concerning the child as the court may at any time require.
"(3) The court may commit the child to the custody of the Department; provided, any order adjudicating a child to be delinquent and committing the child to the Department shall be for an indeterminate period of time.
"(4) The court may dismiss the petition or otherwise terminate its jurisdiction at any time for good cause shown.
"(b) The court may not terminate the rights of a parent who has not been notified that the parental rights might be terminated. If the court terminates the rights of a parent and commits the child to an individual or agency, the court may invest in such individual or agency authority to consent to the adoption of the child."

3. Title 10 O.S.1971, § 1123, reads as follows:
"(a) Any interested party aggrieved by any order or decree may appeal to the Supreme

the pendency of an appeal will not, in essence, affect the District Court's disposition regarding a child, unless the Supreme Court shall so order. In light thereof, we must reject petitioner's third assignment of error.

For the reasons herein stated, the District Court's disposition of the petitioner is, accordingly, *affirmed*.

BRETT, P. J., concurs in results.

BUSSEY, J., concurs.

Court in the same manner as other appeals are taken to the Supreme Court of this State. "(b) The pendency of an appeal thus taken shall not suspend the order of the District Court regarding a child, nor shall it discharge the child from the custody of that court or of the person, institution or agency to whose care such child shall have been committed, unless the Supreme Court shall so order. If the Supreme Court does not dismiss the proceedings and discharge the child, it shall affirm or modify the order of the District Court and remand the child to the jurisdiction of that court for supervision and care; and thereafter the child shall be and remain under the jurisdiction of the District Court in the same manner as if such court had made such order without an appeal having been taken."